IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| **GWENDOLYN CLARY-BUTLER,** | : | Chapter 13 |
| | : | |
| Debtor. | : | Bky. No. 07-14230 (ELF) |
| | : | |

# O R D E R

**AND NOW**, the debtor, Gwendolyn Clary-Butler ("the Debtor"), having filed a voluntary petition under chapter 13 of the Bankruptcy Code on July 24, 2008;

**AND**, this case being the fifth bankruptcy case the Debtor has filed since 2000, all of which have been dismissed without a chapter 13 Plan being confirmed;

**AND**, the Chapter 13 Trustee ("the Trustee") having filed a Motion to Dismiss this bankruptcy case under 11 U.S.C. §1307(c) ("the Trustee's Motion") (Docket Entry No. 57) on January 17, 2008;

**AND**, the Trustee's Motion having been based on the Debtor's alleged failure to provide or file tax returns, appear at the meeting of creditors, and make plan payments;

**AND**, a hearing on the Trustee's Motion having been held and concluded on March 28, 2008, after which the court rendered a bench decision, see N.T. at 235-45 (March 28, 2008) (Docket Entry No. 137);

**AND**, by Order dated March 31, 2008 (Docket Entry No. 94), the court having denied the Trustee's Motion, except with respect to the Trustee's request for dismissal under 11 U.S.C. §§1307(e) and 1308, as to which no decision was made;

**AND**, by separate Order dated March 31, 2008, the court having sua sponte scheduled a

hearing to consider dismissal of this case under §1307(c) and restrictions on filing another bankruptcy case ("the Sua Sponte Motion") (Docket Entry No. 93);

 **AND**, an evidentiary hearing having been held on the Sua Sponte Motion on April 11, 2008 and concluded on April 14, 2008;

 **AND**, the evidence and the argument from the March 28, 2008 hearing having been incorporated and made a part of the evidentiary record on the Sua Sponte Motion;

 **AND**, the United States Trustee, the Trustee, Wells Fargo and the Debtor having filed written submissions in support of their respective positions;

 **AND**, based on the record and the parties' submissions, the court concluding that dismissal of this case is not warranted at this time;

 It is therefore **ORDERED** that:

1. The Trustee's Motion (Docket Entry No. 57) is **DENIED WITHOUT PREJUDICE** insofar as it requested dismissal of this case under 11 U.S.C. §1307(e). All issues regarding the Debtor's obligations, if any, under 11 U.S.C. §1308 and her performance of those obligations are preserved and may be asserted as objections to confirmation under 11 U.S.C. §1325(a)(9).[1]

---

[1] Perhaps due to the number of other factual and legal issues raised by the parties during the hearings in this case, the record in connection with the Trustee's request for dismissal under 11 U.S.C. §1307(e) was not well developed. Rather than deciding the issue on an inadequate record, in the exercise of my discretion, I find it to be more equitable to permit the Trustee, the U.S. Trustee and parties in interest, if they so choose, to press the issue as an objection to confirmation under §1325(a)(9). If such objection(s) is/are filed, the parties should be prepared to address the issue as to who has the burden of proof.

2. Subject to Paragraph 3 below, the Sua Sponte Motion to Dismiss (Docket Entry No. 93) is **DENIED WITHOUT PREJUDICE** to the right of any party in interest, the Chapter 13 Trustee or the U.S. Trustee to raise the issue of good faith in connection with confirmation of the Debtor's chapter 13 plan, see 11 U.S.C. §1325(a)(3), (7).

3. In the event that confirmation of the Debtor's proposed chapter 13 plan is denied after the conclusion of the confirmation hearing, this case may be dismissed without a further hearing for unreasonable delay that is prejudicial to creditors, see 11 U.S.C. §1307(c)(1).

4. On or before **December 3, 2008,** the Debtor shall file an amended chapter 13 petition in which her husband, Wayne Butler, is designated as the Debtor's "Next Friend," instead of her attorney-in-fact, see Fed. R. Bankr. P. 1004.1.  Failure to comply with the requirements of this paragraph may result in dismissal of this bankruptcy, with prejudice, without further notice.[2]

5. A **Status Hearing** to establish a deadline for the filing of objections to confirmation, set a hearing date for confirmation and address any other case management issues is scheduled for **December 2, 2008 at 1:00 p.m., in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, Philadelphia, PA**.

**Date:   November 18, 2008**

                                   **ERIC L. FRANK**
                                   **U.S. BANKRUPTCY JUDGE**

---

[2]    Paragraph 4 is intended to implement the oral bench decision rendered on March 28, 2008.  See N.T. at 238-39 (March 28, 2008) (Docket Entry No. 137).